## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO. 3:16-CV-374-GNS-CHL

**WILLIE A. JONES,**

**Plaintiff,**

**v.**

**NANCY BERRYHILL,[1]**
**ACTING COMMISSIONER OF**
**THE SOCIAL SECURITY ADMINISTRATION,**                    **Defendant.**

### Findings of Fact, Conclusions of Law, and Recommendation

### I. Introduction

Before the Court is the complaint (DN 1) of Willie A. Jones ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff and Defendant have filed a Fact and Law Summary (See DNs 11-1, DN 14).

The District Judge has referred the case to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). By the Order entered on August 29, 2016 (DN 9), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed. For the following reasons, the Court recommends that the Commissioner's decision be affirmed and Plaintiff's action be dismissed with prejudice.

### II. Findings of Fact

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on February 7, 2013. (Tr. 216). Plaintiff alleged that he became disabled on September 23, 2012 because of back and spinal injuries (Tr. 232, 251–2). Administrative Law Judge Roland Mather ("ALJ")

---

[1] When Plaintiff's complaint was filed, the Commissioner of the Social Security Administration was Carolyn Colvin.

conducted a hearing on November 13, 2014, in Louisville, Kentucky. (Tr. 86). Plaintiff was present and represented by counsel. (*Id*.). Also present and testifying was the vocational expert. (*Id*.).

In a decision dated April 17, 2015, the ALJ evaluated Plaintiff's DIB claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner. (Tr. 59). At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 23, 2012, the alleged onset date. (Tr. 64). At the second step, the ALJ determined that Plaintiff was suffering from degenerative disc disease, polyneuropathy, myopathy, and obesity, and that these impairments were "severe" within the meaning of the regulations. (*Id*.). The ALJ also concluded that Plaintiff's depression and anxiety were not "severe" impairments. (Tr. 65). At the third step, the ALJ concluded that Plaintiff did not have an impairment or combination of them that met or equaled one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 67).

At the fourth step, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, except:

> . . . he would require the option to change positions between sitting and standing every 30 minutes and could occasionally perform postural activities, but never climb ladders, ropes, or scaffolds; he could never be exposed to unprotected heights, hazards, balancing, uneven surfaces or slick floors; and he should avoid concentrated exposure to vibrations and extreme cold.

(TR. 67). Relying on testimony from the vocational expert, the ALJ also found that Plaintiff was unable to perform any of his past relevant work as a jailer. (Tr. 76). The ALJ then proceeded to the fifth step, where he considered Plaintiff's RFC, age, education, and past work experience, as well as testimony from the vocational expert. (Tr. 76–77). He found that Plaintiff is capable of

performing a significant number of jobs that exist in the national economy. (Tr. 77). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from September 23, 2012, through the date of the decision. (*Id*.).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision. (Tr. 58). The Appeals Council denied Plaintiff's request for review. (Tr. 1).

### III. Conclusions of Law

### A. Standard of Review

The Social Security Act authorizes payment of DIB and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as follows:

> [An i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). When a claimant files an application for DIB, the claimant must establish that he or she became "disabled" prior to the date his or her insured status expired. 42 U.S.C. § 423(a), (c); *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) (per curiam).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

3

1)      Is the claimant engaged in substantial gainful activity?

2)      Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)      Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)      Does the claimant RFC to return to his or her past relevant work?

5)      Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step. (Tr. 77).

As mentioned above, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1). When Plaintiff's request was denied, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

The Court's review is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence." 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F. 3d at 695. In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir.

1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). The Court must also determine if the correct legal standards were applied. *Landsaw v. Sec'y of Health & Human Servs.*, 803F.2d 211, 213 (6th Cir. 1986).

On review, Plaintiff argues that the ALJ committed two errors. First, Plaintiff contends that the ALJ erred when he concluded that Plaintiff did not suffer from muscular dystrophy, which would have qualified him for Listing 11.13. (DN 11-1, #1822). Second, Plaintiff contends that the ALJ "failed to properly assess [his] subjective symptoms," which resulted in the ALJ determining that he was capable of performing light work. (*Id.* at #1825, 1829–30). As part of this argument, Plaintiff claims that the ALJ's assessment of Plaintiff's testimony as unreliable was not supported by substantial evidence. (*Id.* at #1829)  The Court will examine both of these arguments in turn.

### B. ALJ's Ruling on Plaintiff's Muscle Ailments

Plaintiff's first argument is that the ALJ improperly concluded that he did not suffer from muscular dystrophy, which would have qualified him for the muscular dystrophy listing in 20 C.F.R. Pt. 404 Subpt. P, App. 1 § 11.13 ("Listing 11.13") and rendered him *per se* disabled. (DN 11-1, #1822–23). Plaintiff points to statements made by Dr. John Dimar as evidence of his muscular dystrophy. Dr. Dimar, on August 16, 2013, opined that "pretty much any activity does result in elevation of CPK levels and has been felt to have some sort of underlying muscular dystrophy." (Tr. 1,574). Another one of Plaintiff's doctors, Dr. Dominic Fee, also stated that Plaintiff "has a myopathy . . . [w]hich one has not been determined[.]" (Tr. 1,417).

The Court concludes that substantial evidence supports the ALJ's finding that Plaintiff did not suffer from muscular dystrophy. As the government notes, a claimant attempting to

establish that his impairment is under the scope of a listing must satisfy every element of that listing. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F. 3d 124, 125 (6th Cir. 2003) (citing *Hale v. Sec'y of Health & Human Servs.*, 816 F. 2d 1078, 1083 (6th Cir. 1987)). It is not enough that a claimant comes close to satisfying the requirements. *Id.* (citing *Dorton v. Heckler*, 789 F. 2d 363, 367 (6th Cir. 1986)). The claimant's medical records must satisfy both the diagnosis and severity requirements of the listing. *Hale*, 816 F. 2d at 1083. Listing 11.13 requires that the ALJ determine that the claimant have "[(1)] significant and persistent disorganization of motor function in two extremities, [(2)] resulting in sustained disturbance of gross and dexterous movements, or gait and station." C.F.R. Pt. 404 Subpt. P, App. 1 § 11.04B; *Machnicz v. Berryhill*, 2017 WL 2294284 (D. Conn. May 25, 2017), at * 2--3.

Here, substantial evidence supports the ALJ's finding that Plaintiff did not meet either the first or second requirement of Listing 11.13, and thus Plaintiff cannot qualify for it. For one, Plaintiff has not even been diagnosed with muscular dystrophy.  Additionally, as noted by the ALJ, "a specialist with UK HealthCare noted that the claimant's impairment could fall within the limb-girdle muscular dystrophy category; however, the records do not definitively support such diagnosis." (Tr. 71). The ALJ also concluded that there was no sustained disturbance of Plaintiff's gait, indicating that while Plaintiff did suffer some disturbance to his mobility, he did not require the use of any "hand-held assistive device." (Tr. 67). Further, while Plaintiff did occasionally require the use of a cane, the ALJ noted how on other occasions, he walked up to one mile. (*Id.*). Most harming to Plaintiff's Listing 11.13 claim, however, is the ALJ's detailed discussion of how his successful surgeries in 2013 and 2014 along with his improvements after taking prescription medication supported a finding of "not disabled." (Tr. 69--71). The ALJ's

6

substantial recitation and analysis of Plaintiff's improvements and their causes demonstrates that he properly considered Plaintiff's full objective medical history before determining that he did not qualify for Listing 11.13. Therefore, the Court finds that there is substantial evidence to uphold the ALJ's finding.

### C. ALJ's Assessment of Plaintiff's Testimony

Next, Plaintiff contends that the ALJ unreasonably found his testimony to be unreliable. In support of this assertion, Plaintiff recounts his testimony at his hearing and various medical reports detailing his ailments, alleging that the ALJ did not properly consider them when he concluded that Plaintiff was capable of performing light work. (DN 11-1, #1825–31). In particular, Plaintiff takes issue with the ALJ's analysis of Plaintiff's use – or lack thereof – of his cane during his hearing, where the ALJ noted that the "tip on it is crystal clean. No wear." (Tr. 88). Plaintiff believes that the ALJ did not consider his testimony about how often he used his cane and other subjective symptoms before finding it unreliable. (DN 11-1, #1830).

The Court finds that there was substantial evidence to support the ALJ's conclusion that Plaintiff's testimony was not credible. The Sixth Circuit has repeatedly held that an ALJ's "credibility findings are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 Fed. Appx. 508, 511 (6th Cir. 2013) (citing *Payne v. Comm'r of Soc. Sec.*, 402 Fed. Appx. 109, 112–13 (6th Cir. 2010)); *see also Buxton v. Halter*, 246 F. 3d 762, 773 (6th Cir. 2001) (ALJ's determination of a claimant's credibility is "entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints."). Plaintiff cannot overcome this burden here. As is alluded to above, in his brief, Plaintiff mostly recites his medical records and hearing testimony, making conclusory statements that the ALJ did not

properly consider aspects of either but without explaining how. (DN 11-1, #1825–31). In particular, Plaintiff claims that because the ALJ did not explicitly address all seven of a list of factors he is supposed to consider when faced with conflicting claimant testimony and medical records, he did not adequately consider them. (*Id.* at 1828). These factors are:

> 1. The individual's daily activities;
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p.[2] But the ALJ is not required to expressly address them all. *Clark v. Colvin*, 2015 WL 4162977 (W.D. Ky. July 9, 2015), at *3 (citing *Adams v. Astrue*, 2008 WL 9396450 (N.D. Ohio Sept. 25, 2008), at *3, n. 5). All throughout his discussion of Plaintiff's RFC, the ALJ considered each of the seven factors, although he did not explicitly categorize the information factor by factor. (Tr. 68–73).

Moreover, Plaintiff's claim of inadequate analysis belies the report itself. The report contains substantial justification for why the ALJ deemed Plaintiff's testimony unreliable; most notably, the ALJ highlighted how Plaintiff's testimony that he was able to travel out of state, drive short distances, go out to dinner and church, and attend to his personal needs contradicted his claims as to his the amount of daily pain and the great disruption to his daily life his ailments

---

[2] At the time of Plaintiff's hearing and the ALJ's decision, SSR 96-7p was in effect, but was subsequently replaced by 16-3p.

caused him. (Tr. 72–73). The ALJ also noted how the objective medical evidence did not support the purported frequency or severity of Plaintiff's symptoms. (*Id*. at 73). And although Plaintiff contends that the ALJ "disregarded" his use of a cane because the tip of the cane appeared to not have much wear, and the ALJ noted as such in his report, what immediately follows is a detailed description and analysis of Plaintiff's objective medical and surgical history. (*Id*. at 68–73). The ALJ was not required to accept Plaintiff's subjective complaints of pain as conclusory, and was allowed to evaluate them against the weight of the medical evidence. *Jones v. Comm'r of Soc. Sec.*, 336 F. 3d 469, 475 (6th Cir. 2003). The Court finds that the ALJ did so, given the length and detail of his report. Therefore, the Court concludes that substantial evidence supported the ALJ's finding that Plaintiff was capable of performing light work.

## V. Recommendation

For the foregoing reasons, the Court concludes that the Commissioner's findings are supported by substantial evidence, and it is **recommended** that the final decision of the Commissioner be affirmed

## Notice

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.), *aff'd*, 474 U.S. 140 (1984).

cc:  Counsel of record