UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00374-GNS-CHL

WILLIE A. JONES                                                                              PLAINTIFF

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection[1] to the Magistrate Judge's Report and Recommendation (DN 17). For the reasons stated below, Plaintiff's Objection is **OVERRULED**, the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("R. & R.") (DN 16) is **ADOPTED**, and Plaintiff's Complaint (DN 1) is **DISMISSED WITH PREJUDICE**.

### I.     BACKGROUND

#### A.     Disability

In February 2013, Plaintiff Willie A. Jones ("Plaintiff") applied for disability insurance benefits alleging he had become disabled on September 23, 2012, as a result of back and spinal injuries. (Administrative R. 216-222, DN 8-1 to DN 8-10 [hereinafter R.]). On July 11, 2013, the Social Security Administration ("SSA") notified Plaintiff that his benefits claims had been denied. (R. at 121-36, 155-58). Plaintiff requested reconsideration on August 30, 2013. (R. at 162-63). On October 8, 2013, the SSA notified Plaintiff that an independent review by a physician and disability examiner in the state agency had found the previous denial of benefits to

---

[1] While Plaintiff's mischaracterizes this filing as "exceptions," the Court will treat this filing as an objection pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

be proper. (R. at 137-54, 164-71). Plaintiff requested a hearing before an Administrative Law Judge on October 9, 2013. (R. at 172-74). On November 13, 2014, Plaintiff participated in a hearing before Administrative Law Judge Roland D. Mather ("ALJ"). (R. at 86-120). The ALJ denied the claim, reasoning that Plaintiff had not been under a disability from September 23, 2012, through April 17, 2015, the date of the decision. (R. at 59-85).

B. **ALJ's Decision**

In reaching his decision, the ALJ evaluated Plaintiff's application under the five-step sequential evaluation process promulgated by the Commissioner. (R. at 62-85). First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 23, 2012, the alleged onset date. (R. at 64). Second, the ALJ determined that Plaintiff's "degenerative disc disease, polyneuropathy, myopathy, and obesity" were "severe" impairments within the meaning of the regulations. (R. at 64-67). Third, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (R. at 67). Fourth, the ALJ found that Plaintiff had the residual functional capacity to perform light work, subject to limitations.[3] (R. at 67-76). Relying on testimony from a vocational expert, the ALJ found Plaintiff unable to perform any of his past relevant work as a jailer. (R. at 76). Fifth, the ALJ considered Plaintiff's

---

[2] This appendix contains the listing of impairments recognized by the SSA that may qualify an individual for benefits.
[3] The ALJ's findings regarding Plaintiff's restrictions read:

> [H]e would require the option to change positions between sitting and standing every 30 minutes and could occasionally perform postural activities, but never climb ladders, ropes, or scaffolds; he could never be exposed to unprotected heights, hazards, balancing, uneven surfaces or slick floors; and he should avoid concentrated exposure to vibrations and extreme cold.

(R. at 67).

2

residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert. (R. at 76-77). The ALJ concluded that Plaintiff was capable of performing a significant number of jobs that exist in the national economy, and has not been under a "disability," as defined in the Social Security Act,[4] since the filing date of his application. (R. at 76-77). Plaintiff filed a request for review, which the Appeals Council denied. (R. at 1-6, 52-53, 58).

### C. Plaintiff's Federal Claim

Plaintiff filed suit in this Court seeking judicial review of the Commissioner's final decision. (Compl., DN 1). Following the filing of the administrative record and fact and law summaries from each party, Magistrate Judge Lindsay recommended that the final decision of the Commissioner be affirmed. (R. & R. 9).

Plaintiff filed his objection to Magistrate Judge Lindsay's R. & R., and the Commissioner responded. (Pl.'s Obj., DN 17; Def.'s Resp. Pl.'s Obj., DN 19). This matter is ripe for adjudication.

## II. JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

---

[4] The term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. §§ 423(d)(1)(A) (Title II); *see also* § 1382c(a)(3)(A) (utilizing an identical definition of "disability" under Title XVI).

## III. STANDARD OF REVIEW

District courts review the parts of a magistrate judge's R. & R. to which objections are raised *de novo*, and, in doing so, may accept, reject, or modify, in whole or in part, the R. & R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). This differs from the standard applied to the Commissioner's decision. That decision, rendered by an ALJ, is reviewed to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Where substantial evidence supports the ALJ's decision, a court is obliged to affirm. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted). A court should not attempt to second-guess the factfinder with respect to conflicts of evidence or questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). The district court may consider any evidence in the record, regardless of whether cited in the ALJ's decision. *Mullen v. Bowen*, 800 F.2d 535, 545-46 (6th Cir. 1986).

## IV. DISCUSSION

The Magistrate Judge recommended that the final decision of the Commissioner, via the ALJ's decision, be affirmed and that the Complaint be dismissed. (R. & R. 9). Plaintiff objected on several bases, arguing that the SSA, through the ALJ's decision: (1) failed to follow its own regulations; (2) mistakenly found that Plaintiff had not been diagnosed with muscular dystrophy;

4

and (3) reached the wrong conclusion regarding Plaintiff's use of a cane which was not supported by substantial evidence.[5] These bases are addressed briefly below.

### A. Application of Correct Legal Standards

Plaintiff objects that "the rules promulgated by the Commissioner were not correctly followed in assessing Plaintiff's subjective complaints, including muscle weakness and fatigue." (Pl.'s Obj. 3). Plaintiff cites Social Security Ruling 16-3p and various case law, but does not further argue how the ALJ failed to properly apply the SSA's own rules, instead incorporating his initial Memorandum of Law. (Pl.'s Obj. 1-3 (citing Pl.'s Fact & Law Summ., DN 11-1)). Therein, Plaintiff's argument regarding the application of the appropriate legal standard was similarly cursory, stating: "[i]n his opinion denying benefits to Mr. Jones, ALJ Mather failed to follow the dictates of controlling law. If he had correctly followed the statutes, regulations and rulings, then he would have found Plaintiff disabled and awarded benefits." (Pl.'s Fact & Law Summ. 3-4). This failure to present argument or evidence to support his position is fatal, as "[i]t is not the role of this Court to formulate the claimant's argument." *McKinney v. Colvin*, No. 12-cv-162-KKC, 2013 U.S. Dist. LEXIS 140535, at *14 (E.D. Ky. Sept. 30, 2013) (citing *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490-91 (6th Cir. 2006)).

### B. Muscular Dystrophy Diagnosis

Plaintiff next objects that the ALJ should have found that Plaintiff had been diagnosed with muscular dystrophy and analyzed his claim under the relevant Listing of Impairments.

---

[5] Plaintiff also purports to object "for the reasons included in the Memorandum of Law previously submitted . . . ." (Pl.'s Obj. 4). The Court will not review these issues given this perfunctory objection. A reexamination of an argument that was presented to the Magistrate Judge without specific objections "wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Manigaulte v. C.W. Post of Long Island Univ*., 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report & Recommendation only for clear error." (internal quotation marks omitted) (citation omitted)).

5

(Pl.'s Obj. 3). Plaintiff argues that the ALJ's conclusion that "a specialist with UK HealthCare noted that the claimant's impairment could fall within the limb-girdle muscular dystrophy category, however, the records do not definitively support such diagnosis" (R. at 71) conflicts with a statement by Plaintiff's treating neurologist, Dr. Dominic Fee, that he felt Plaintiff "has one of the limb-girdle muscular dystrophies, but [he had] been unable to get genetic testing to hopefully determine which one." (R. at 1417).

The Court finds, however, that the ALJ relied upon the medical record in determining that Plaintiff had no disability—including the records preceding his first back surgery through more recent records before the hearing— as well as specifically discussed the records relevant to "claimant's alleged severe myopathy," and provided an appropriate rationale for not affording Dr. Fee's opinions controlling weight, and explained why Plaintiff did not meet Listing 11.13 for muscular dystrophy. (R. at 69-76 (citing R. at 304-11, 646-713, 719-29, 737-1109, 1169-81, 1230-35, 1329-1417, 1546-52, 1557-63, 1568-93)). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While Plaintiff is not persuaded that the ALJ's determination was correct, the Court agrees with Magistrate Judge Lindsay that the decision is supported by substantial evidence in the record, and the Court will not second-guess the ALJ's position as factfinder. *Bass*, 499 F.3d at 509 (citation omitted); *Siterlet*, 823 F.2d at 920 (citation omitted).

    C.    **<u>Plaintiff's Credibility Regarding Use of a Cane</u>**

Finally, Plaintiff argues that substantial evidence did not support the ALJ's finding that Plaintiff was not entirely credible regarding his use of a cane. (Pl.'s Obj. 3-4). Plaintiff complains that the ALJ failed to consider his explanation for his cane's unused appearance, and further "failed to review evidence of use of the cane contained in the record." (Pl.'s Obj. 4).

6

Plaintiff ignores the ALJ's thorough discussion of Plaintiff's ability to ambulate effectively, including both Plaintiff's hearing testimony and his medical records—*e.g.*, "[n]otably, despite VA records documenting the claimant's request for a cane in late 2013, February [2014] evaluation does not reference use of a cane for ambulating." (R. 68-73, 76). Again, although Plaintiff is not persuaded that the ALJ's determination was correct, the Court agrees with Magistrate Judge Lindsay that the decision is supported by substantial evidence in the record and that Plaintiff has failed to overcome the deference owed to the ALJ's determination of a claimant's credibility. (R. & R. 7-9). *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (ALJ's determination of a claimant's credibility is "entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." (citation omitted)).

### V. CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (DN 17) are **OVERRULED**;

2. Magistrate Judge Lindsay's Findings of Fact, Conclusions of Law, and Recommendation (DN 16) are **ADOPTED**; and

3. Plaintiff's Complaint (DN 1) is **DISMISSED WITH PREJUDICE**.

**Greg N. Stivers, Judge**
**United States District Court**
March 12, 2018

cc: counsel of record